WO                                                                                                          SKC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Rudy Cisneros, | No. CV 19-04490-PHX-JAT (CDB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Health Care, et al., | |
| Defendants. | |

    Plaintiff Rudy Cisneros, who was previously confined in the Arizona State Prison Complex-Yuma, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are the following Motions: (1) Defendant Corizon Health Inc's ("Corizon's") Motion to Dismiss for Failure to Prosecute (Doc. 19); (2) Defendants Centurion and Shinn's Motion for Summary Judgment (Doc. 22); and (3) Defendant Corizon's Motion for Summary Disposition of its Motion to Dismiss (Doc. 26). Plaintiff was informed of the requirements of a response to Corizon's Motion to Dismiss and to Centurion and Shinn's Motion for Summary Judgment (Docs. 20, 24), and he failed to respond to either Motion. Further, after Corizon filed its Motion for Summary Disposition, the Court's mail to Plaintiff's prison address was returned as undeliverable, indicating that Plaintiff is no longer in custody. (*See* Doc. 28.)

    The Court will grant in part and deny in part Corizon's Motion to Dismiss for Failure to Prosecute, dismiss this action without prejudice, and deny as moot the remaining Motions.

**I.      Background**

On screening of Plaintiff's two-count Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against Corizon, the contracted healthcare provider for the Arizona Department of Corrections (ADC) at the relevant time of the Complaint, and against former ADC Director Charles Ryan in his official capacity. (Doc. 7.)  The Court directed these Defendants to answer the Complaint. (*Id.*)  At the same time, the Court substituted ADC's acting Director Joseph Profiri for Defendant Ryan in his official capacity and joined ADC's current contracted healthcare provider Centurion for purposes of providing injunctive relief. (*Id.*)  Thereafter, current ADC Director David Shinn was automatically substituted for former Director Ryan and acting Director Profiri in his official capacity. (Doc. 22 at 1 n.1.)

**II.     Motion to Dismiss for Failure to Prosecute**

In its Motion to Dismiss, Corizon seeks dismissal of this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 19.)  Defendants Centurion and Shinn joined the Motion. (Doc. 21.)[1]

**A.      Rule 41(b) Legal Standard**

Plaintiff has the general duty to prosecute. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  Rule 1 of the Federal Rules of Civil Procedure directs that the rules governing procedure in all civil actions "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  And Rule 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  Fed. R. Civ. P. 1, 41(b).

In determining whether a plaintiff's failure to prosecute warrants dismissal pursuant to Rule 41(b), the Court must weigh the following five factors: "(1) the public's interest in

---

[1] At the time Corizon moved for dismissal, Profiri was still the ADC acting Director, and the Joinder was filed by Defendants Centurion and Profiri. (*See* Doc. 21.)  Because Defendant Shinn has since been substituted for Profiri in his official capacity, however, the Court construes the Joinder as being brought on behalf of Defendants Centurion and Shinn.

- 2 -

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

### B.     Relevant Facts

Plaintiff filed this action on June 17, 2019 and paid the $400.00 filing fee on July 25, 2019.  (Docs. 1, 6.)  After screening and service of the Complaint, the Court issued a Scheduling Order on December 10, 2019, requiring the parties to submit all Rule 26(a) Initial Disclosures by January 8, 2020, serve all written discovery requests by May 7, 2020, and file all dispositive motions by August 5, 2020.  (Doc. 12 at 2−3.)  The Court further stated, "**The Deadlines Are Firm**.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly."  (*Id.* at 4 (emphasis in original).)

In its Motion to Dismiss for Failure to Prosecute, Corizon provides evidence that it served its Initial Disclosure Statement on Plaintiff, as required, on January 6, 2020 (*see* Doc. 19-1), but it states that Plaintiff never provided an Initial Disclosure Statement; nor did Plaintiff make any discovery requests.  (Doc. 19 at 2.)  Plaintiff also failed to sign and return an Authorization for Release of Protected Health Information form that Corizon's counsel mailed to Plaintiff on November 19, 2019 (Doc. 19-2); and he failed to respond to or return a second such form sent to him on January 23, 2020 (Doc. 19-3).

The last discernable action Plaintiff took in this action was more than seven months ago on January 9, 2020, when he filed a Motion for Extension of Time, seeking a 60- to 90-day extension of time to gather the rest of his medical records so that he could file an amended complaint.  (Doc. 16.)  The Court denied that Motion on the grounds that, per the December 10, 2029 Scheduling Order, any motion to amend was to be filed by March 9, 2020, allowing three months of discovery prior to that deadline, and the docket did not reflect that Plaintiff had as yet made any discovery requests.  (Doc. 17.)

Four months later, on May 8, 2020, Corizon filed its Motion to Dismiss for Failure to Prosecute, arguing that Plaintiff's failure to adhere to the Court's Scheduling Order—in particular, his failure to produce an Initial Disclosure Statement or to send Corizon a signed authorization form so that Corizon could retrieve his medical records—shows deliberate disregard for the Court's Orders and warrants dismissal of this action with prejudice. (Doc. 19 at 3−5.)  In their Joinder, Defendants Centurion and Shinn adopt these same arguments as equally applicable to Plaintiff's claims against them.  (Doc. 21.)

Plaintiff did not respond to Corizon's Motion, despite being instructed on the requirements of a response and being told he had 30 days to respond.  (*See* Doc. 20.)  Nor has Plaintiff responded to Defendants Centurion and Shinn's Joinder in that Motion or any of the other pending Motions or moved for any extensions of time to do so.  Moreover, as noted, the Court's latest mail to Plaintiff on August 8, 2020 was returned as undeliverable, indicating that Plaintiff is no longer in ADC custody.  (Doc. 28.)  Despite this, Plaintiff has not filed a Notice of Change of Address.

**C.     Discussion**

Based on the above, the first two factors bearing on dismissal—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—favor dismissal of this action.  Plaintiff's failure to participate meaningfully in discovery, including his repeated failures to provide authorization for Corizon to access his medical records; his failure to comply with Court Orders and deadlines; and his failure to keep the Court apprised of his current address prevent this action from proceeding, and neither the public's interest in expeditious resolution of litigation nor the court's need to manage its docket are served by allowing this action to continue.  As to the third factor, dismissal of the action for failure to prosecute rather than on the merits will not prejudice Defendants. The fourth factor favoring adjudication on the merits weighs against dismissal.  *See Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) ("The first two . . . factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.")  Nonetheless, Plaintiff's failures to participate in discovery, provide

disclosures, or authorize the release of relevant medical records makes resolution on the merits of his medical claims unlikely even if this action were to proceed.

The fifth and final factor requires the Court to consider whether a less drastic alternative than dismissal is available. Realistically, the only less drastic option remaining is dismissal without prejudice. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." The Court will therefore grant Corizon's Motion to Dismiss for Failure to Prosecute to the extent that it will dismiss this action for failure to prosecute pursuant to Rule 41(b), but it will deny the Motion in part to the extent that the dismissal will be without prejudice.

Because the Court will dismiss this action based on Corizon's Motion to Dismiss for Failure to Prosecute and Defendants Centurion and Shinn's Joinder in that Motion, Corizon's Motion for Summary Disposition is moot, as is Defendants Centurion and Shinn's Motion for Summary Judgment, and the Court will deny these Motions accordingly.

**IT IS ORDERED:**

(1)  The reference to the Magistrate Judge is **withdrawn** as to (1) Defendant Corizon's Motion to Dismiss for Failure to Prosecute (Doc. 19), (2) Defendants Centurion and Shinn's Motion for Summary Judgment (Doc. 22); and (3) Defendant Corizon's Motion for Summary Disposition of its Motion to Dismiss (Doc. 26).

(2)  Defendant Corizon's Motion to Dismiss for Failure to Prosecute (Doc. 19) is **granted in part** to the extent that the Court will dismiss this action; the Motion is **denied in part** to the extent that the dismissal will be without prejudice.

(3)  The remaining Motions (Docs. 22, 26) are **denied as moot**.

(4)  The action is **dismissed** without prejudice for failure to prosecute; the Clerk of Court must enter judgment accordingly.

///

///

1       (5)    The Clerk of Court **must not mail** a copy of this Order to Plaintiff at his prison address because Plaintiff is no longer in custody and must **update** Plaintiff's address on the docket to reflect that no current address is on file.

      Dated this 28th day of August, 2020.

*James A. Teilborg*
Senior United States District Judge